11331

*EX PARTE* GRAHAM *ET UX*

*IN RE*. HICKSON LUMBER CO.

(119 S. E., 842)

EXECUTION—IN SUPPLEMENTARY PROCEEDINGS, EVIDENCE HELD TO SUSTAIN FINDINGS THAT MONEY ON DEPOSIT IN NAME OF JUDGMENT DEBTOR'S WIFE BELONGED TO JUDGMENT DEBTOR.—In supplementary proceedings by a judgment creditor, evidence *held* to sustain findings of referee and Circuit Judge that money on deposit in the name of judgment debtor's wife, representing part of the insurance money received by reason of a loss of a building on land judgment debtor had conveyed to her, belonged to judgment debtor.

Before DENNIS, J., Marlboro, March, 1923. Affirmed.

Supplementary proceeding by the Hickson Lumber Company, opposed by W. H. Graham and wife. From the judgment rendered, Graham and wife appeal.

*Mr. J. W. LeGrand,* for appellants, cite: *Party entitled to proceeds of policy:* L. R. A., 1917-D, 307, 1049. *Resulting trust:* 26 S. C., 231; 27 S. C., 39; 32 S. C., 107; 32 S. C., 590.

*Mr. J. K. Owens,* for respondent, cites: *Proof of purchase of property:* 26 R. C. L., 1231; 2 Pom. 1040; 32 S. C., 595; 78 S. C., 496; 4 S. C., 144; 6 S. C., 90; 34 S. C., 259; 51 S. C., 37; 80 S. C., 30; 75 S. C., 237; 23 A. L. R., 1491.

November 7, 1923.

The opinion of the Court was delivered by Mr. Justice Fraser.

This appeal is from the decree of the Circuit Judge confirming the report of the referee in supplementary proceedings, and, that the Court may have before it the necessary facts concerning the original action and supplementary proceedings as briefly as possible, the following constitutes an agreed statement of facts:

"On November 15, 1911, A. J. Matheson leased to W. H. Graham certain lands, described in the lease, for the period of ten years. This lease was assigned to Hickson Lumber Company in 1916 for the remaining five years. To enforce the rent lease Hickson Lumber Company instituted an action against W. H. Graham on the 8th day of April, 1918. This action resulted in a judgment in favor of Hickson Lumber Company against W. H. Graham of about $1,200 on August 16, 1921. This judgment is yet unpaid. On November 27, 1917, Etiwan Fertilizer Company conveyed to W. H. Graham a tract of land which we call Etiwan land in order to distinguish it from the lands covered by the lease from Matheson to Graham. The Etiwan land had no relation to the transaction between Matheson and Graham, nor with

the judgment obtained against W. H. Graham. The pur-
chase price of the Etiwan land was $5,000, but only $1,000
was paid in cash, and a purchase-money mortgage was given
for the balance. The title to this land was taken in the
name of W. H. Graham. About the first of 1918, and be-
fore the mortgage was due, W. H. Graham conveyed the
Etiwan land to T. A. O'Neal in exchange for a house and
lot in the town of Blenheim, S. C. No difference was paid
in money, but T. A. O'Neal assumed the mortgage on the
Etwan land, and received a pair of mules and wagon of
W. H. Graham's. The title to the Blenheim property was
taken in the name of W. H. Graham. The deed from
Etiwan Fertilizer Company to W. H. Graham bears date
November 14, 1917, and was recorded on November 27,
1917. The $1,000 check for purchase price bears date and
was paid on November 27, 1917, and the deed was delivered
to Graham on that date. The deed from W. H. Graham to
T. A. O'Neal bears date the 4th day of December, 1918.
And the deed from T. A. O'Neal to W. H. Graham cover-
ing the Blenheim property also bears date December 4, 1918.
The deed from W. H. Graham to Julia Etta Graham bears
date May 9, 1921; consideration named, $1,800. The in-
surance policy bears date December 16, 1921; the premium
was paid January 25, 1922, and policy was canceled by fire
April 13, 1922. Policy of insurance on building on the
Blenheim property was carried in the name of W. H. Gra-
ham on May 9, 1921, at the time title was made by W. H.
Graham to Julia Etta Graham, and renewed in his name
December 16, 1921; and the insurance was collected by him
after the fire loss in 1922 in his name, and the receipt to the
Insurance Company contained, among other things, 'The
property insured belonged to assured, and no other person or
persons had any interest therein, except mortgage to the
Bank of Marlboro.' W. H. Graham is the husband of Julia
Etta Graham. He was 55 years of age in July, 1922, and
she was 58 years of age in October, 1922. W. H. Graham
is very deaf, but can read and write a letter. Julia Etta

Graham can neither read nor write. The total amount of insurance paid to W. H. Graham was $4,000. Check for insurance loss shows on its face to have been made, 'Columbia, S. C., May 23, 1922.' Two thousand dollars—that is, one-half of the amount received for insurance—was deposited to the credit of Mrs. W. H. Graham (Julia Etta Graham) on May 25, 1922, by W. H. Graham. Execution was issued in the case of *Hickson Lumber Company v. W. H. Graham* on January. 4, 1922, and returned *nulla bona*. As stated before in substance, Julia Etta Graham claims title to the land and money; the transaction concerning the Etiwan tract of land and the T. A. O'Neal property was entirely separate and distinct from the property which was covered by the Matheson lease, and which formed the basis of the judgment of *Hickson Lumber Company v. W. H. Graham*. About the 16th day of October, 1922, supplementary proceedings were issued in this case against W. H. Graham, based upon an affidavit of J. K. Owens, Esq., and a restraining order was issued by Hon. S. W. G. Shipp restraining W. H. Graham and Julia Etta Graham from disposing of any of their property, and a copy of this order was served upon a number of banks, including the Bank of Marlboro. Thereafter motion was made before Hon. S. W. G. Shipp to set aside the restraining order, based upon the returns of Mrs. W. H. Graham and W. H. Graham, and the banks on whom the order had been served. The Bank of Marlboro showed in its return that it had on deposit only $3.06 in the name of W. H. Graham on the 12th day of October, 1922. No question is made as to the correctness of this. Upon the hearing of this motion on October 17, 1922, the Court restrained Mrs. Graham from paying out $1,500 of the funds on deposit in her name in the Bank of Marlboro until the further order of the Court, and required bond to be given. On November 25th the matter. was referred to J. P. Kilgo, Esq., to take testimony and report his conclusions of law and fact."

The referee found that the money in the bank belonged to W. H. Graham. This finding was affirmed by the Circuit Judge. There is only one question in the case, to wit: Whose money was it?

The concurrent findings of the referee and the Circuit Judge are sustained by the evidence, and the judgment appealed from is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.